**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHAD EDWARD LEATHERMAN, an individual, | |
| Plaintiff, | |
| v. | Case No. 21-CV-65-GKF-SH |
| CORECIVIC, INC., a foreign for-profit corporation; MICHAEL SIZEMORE, in his individual capacity as Warden of Cimarron Correctional Facility; STEPHEN PAINE; and DEFENDANTS DOES 1-X, | |
| Defendants. | |

**ORDER**

Before the court is the Motion to Transfer [Doc. 7] of defendants CoreCivic, Inc. and

Michael Sizemore. For the reasons set forth below, the motion is granted.

**I.  Background and Allegations of the Complaint**

This dispute arises from an injury plaintiff Chad Leatherman sustained while incarcerated

at the Cimarron Correctional Facility. Defendant CoreCivic, Inc. is a private corrections company

that contracts with the Oklahoma Department of Corrections to operate private prisons, including

the Cimarron Correctional Facility during Leatherman's incarceration. [Doc. 2, p. 2, ¶ 5].

Defendant Michael Sizemore is a CoreCivic, Inc. employee and warden of the Cimarron

Correctional Facility. [*Id.*, p. 3, ¶ 6]. Defendant Stephen Paine, a physician, was employed by

CoreCivic, Inc. and defendants DOES 1-X are detention and medical staff. [*Id.*, p. 3, ¶¶ 7-8].

In 2018, the Doe defendants, acting upon Sizemore's direction and instruction, removed

the ladders to the top bunks of the Cimarron Facility beds. [*Id.*, pp. 3-4, ¶ 12]. Mr. Leatherman

was housed in a cell and assigned the top bunk. [*Id.*, p. 3, ¶ 11]. At approximately 5:00 a.m. on

July 26, 2018, Mr. Leatherman fell when coming down from his top bunk, resulting in a "severely comminuted" fracture of his tibia and fibula. [*Id.*, p. 4, ¶¶ 13, 17]. Mr. Leatherman received medical care at the Cimarron Correctional Facility's medical center, where he was evaluated by Dr. Stephen Paine, before being transferred to the OU Medical Center. [*Id.*, ¶¶ 14, 17]. Mr. Leatherman underwent two surgeries and remained at OU Medical Center until August 7, 2018 to be monitored by the trauma team. [*Id.*, ¶¶ 18-20].

On August 8, 2018, Mr. Leatherman was released back to the Cimarron Correctional Facility with specific orders for his knee to remain straight for 2-3 weeks and non-weight bearing for 12 weeks. [*Id.*, pp. 4-5, ¶ 20]. Mr. Leatherman alleges that his subsequent medical care at the Cimarron Correctional Facility was inadequate. As a result, Mr. Leatherman's leg has not fully recovered and he has not regained the ability to walk he possessed prior to the fall. [*Id.*, p. 6, ¶ 34]. Mr. Leatherman still suffers from severe knee pain and, despite this, continues to be required to utilize the top bunk without a ladder. [*Id.*].

Defendants CoreCivic, Inc. and Sizemore move to transfer this case to the United States District Court for the Western District of Oklahoma, in which the Cimarron Correctional Facility is located. *See* 28 U.S.C. § 116(c).

## II. Legal Standard

"For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The 'party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.'" *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "Merely shifting the inconvenience from one side to the other, however,

obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt*, 956 F.2d at 966).

In considering a motion to transfer under § 1404(a), the Tenth Circuit weighs the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut.*, 618 F.3d at 1167 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

## III. Analysis

The parties have not meaningfully contested the following factors: cost of making the necessary proof; question as to the enforceability of a judgment; relative advantages and obstacles to a fair trial; and possibility of the existence of questions arising in the area of conflict of laws. Accordingly, the court finds these factors to be neutral. The court addresses each remaining factor in turn.

### A. Plaintiff's Choice of Forum

"[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Employers Mut.*, 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 965) (alterations original). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district. Courts also accord little weight to a plaintiff's choice of

forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* at 1168 (internal citations and quotation marks omitted).

The parties agree the Cimarron Correctional Facility is located in the Western District of Oklahoma. [Doc. 7, p. 1; Doc. 12, p. 2 n. 3]. Defendants argue—and the court agrees—that none of the facts giving rise to this lawsuit occurred in the Northern District. Mr. Leatherman was injured and treated in the Western District, both at the Cimarron Correctional Facility and the OU Medical Center. And Mr. Leatherman concedes that he does not currently reside in the Northern District. [Doc. 12, p. 4]. Under these circumstances, the court affords the plaintiff's choice of forum minimal weight.

*B. Accessibility of Witnesses and Sources of Proof*

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut.*, 618 F.3d at 1169. "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* (alterations and internal quotation marks omitted).

Defendants identify nineteen (19) witnesses who worked at the Cimarron Correctional Facility when Mr. Leatherman injured his leg. [Doc. 15, pp. 3-5]. All of these witnesses still work at the Cimarron facility and can reasonably be assumed to live nearby. The materiality of their testimony is evident based on their employment at the Cimarron Correction Facility as shift supervisors, medical staff, and managerial staff at the time of plaintiff's injury. [*See id.*]. However, defendants make no showing regarding unwillingness of the witnesses to come to trial. Accordingly, the defendants fail to demonstrate inconvenience; but the court nonetheless

recognizes that the witnesses who can provide relevant testimony regarding the facts of the case work in the Western District. Accordingly, this factor weighs only slightly against transfer.

### C. Difficulties That May Arise from Congested Dockets

As defendants point out, this court has experienced an increasingly congested docket in the wake of *McGirt v. Oklahoma,* 140 S. Ct. 2452 (2020) and *Hogner v. State*, ___ P.3d ___, 2021 OK CR 4, 2021 WL 958412 (Okla. Ct. Crim. App. 2021).

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Employers Mut.*, 618 F.3d at 1169. A comparison of these statistics for the 12-month period ending on March 31, 2021 is shown in the table below.[1]

|  | **Western District of Oklahoma** | **Northern District of Oklahoma** |
|---|---|---|
| Median Time from Filing to Disposition, Civil (Months) | 8.3 | 11.1 |
| Median Time from Filing to Trial (Months) | Not Available | Not Available |
| Pending Cases per Judge | 286 | 389 |
| Average Weighted Filings per Judge | 284 | 421 |

Based on these statistics, which do not account for the increased docket activity in the Northern District since March 2021 or the newly vacant judgeship here, the Western District has a substantially less congested docket than the Northern District. This factor weighs heavily in favor of transfer.

---

[1] Available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331. 2021.pdf (last accessed June 29, 2021).

*D. Advantage of Having a Local Court Determine Questions of Local Law*

"When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Employers Mut.*, 618 F.3d at 1170. Defendants argue this factor weighs in favor of transfer because most, if not all, federal litigation involving the Cimarron Correctional Facility has been adjudicated by the United States District Court for the Western District of Oklahoma. The court agrees. The Western District is more familiar with the legal issues emanating from this specific facility. *See, e.g.*, *Tabb v. Hilligoss*, Case No. CIV-16-1179-D, 2017 WL 9802865 (W.D. Okla. Aug. 29, 2017). This factor weighs in favor of transfer.

In sum, the defendants have demonstrated that the balance of factors strongly favors a transfer of venue under § 1404(a). *See Employers Mut.*, 618 F.3d at 1167 n. 13. The events giving rise to this lawsuit occurred in the Western District of Oklahoma, where the identified material witnesses continue to work. Mr. Leatherman does not reside in this district and the Western District is more familiar with issues emanating from the Cimarron Correctional Facility. And this court's docket is increasingly congested in the wake of *McGirt* and *Hogner*. For these reasons, defendants' motion is granted.

## IV. Conclusion

WHEREFORE defendants' Motion to Transfer [Doc. 7] is granted. This case is transferred to the United States District Court for the Western District of Oklahoma for further proceedings.

IT IS SO ORDERED this 30th day of June, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE