IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD EDWARD LEATHERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-672-D ) |
| CORECIVIC, INC., *et al.*, | ) ) |
| Defendants. | ) ) |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 47] issued by United States Magistrate Judge Gary M. Purcell on January 25, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends granting Defendants' Motion for Summary Judgment [Doc. No. 37], limited to the issue of administrative exhaustion. Plaintiff, who is represented by counsel, has filed a timely Objection [Doc. No. 48], and Defendants have filed a Response [Doc. No. 49]. The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff is a prison inmate who seeks damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while in custody of the Oklahoma Department of Corrections ("ODOC").¹ Specifically, Plaintiff claims that during his confinement at the

---

¹ In the Complaint, Plaintiff also asserted a negligence claim under state law, but he conceded in response to Defendants' Motion for Summary Judgment that he did not comply with

Cimarron Correctional Facility (CCF), which was a private prison operated by Defendant CoreCivic, Inc., he suffered severe injuries to his right leg and knee caused by a failure to provide adequate housing and medical care.  Named defendants other than CoreCivic are CCF's warden, Michael Sizemore, and CCF's physician, Stephen Paine.[2]  Defendants have jointly moved for summary judgment on Plaintiff's § 1983 claims based on his failure to exhaust ODOC's administrative process as required by 42 U.S.C. § 1997e(a).  Upon consideration of Defendants' Motion and the summary judgment record, Judge Purcell finds that the undisputed facts show Plaintiff failed to exhaust his administrative remedies and that Defendants are entitled to summary judgment on this ground.

In his Objection, Plaintiff does not dispute the material facts regarding administrative exhaustion.  Briefly stated, Judge Purcell finds that Plaintiff successfully filed a grievance regarding his claims but that he could not complete the administrative review process because he received no response to the grievance.  Judge Purcell further finds that Plaintiff did not pursue an alternative means of exhaustion provided by the ODOC grievance policy – which allowed Plaintiff to file a grievance with ODOC's administrative review authority regarding the lack of a response – and this failure to utilize an available remedy prevents Plaintiff from successfully asserting that he was unable to exhaust his claims.  Judge Purcell concludes that, because exhaustion of administrative

---

notice provisions of the Governmental Tort Claims Act (Okla. Stat. tit. 57, § 566.4(B)(2) and Okla. Stat. tit. 51, § 156) and this claim should be dismissed.  *See* Pl's Resp. Br. [Doc. No. 45] at 13 n.1.

[2] Additional "John Doe" defendants have not been identified or served with process.

remedies is a threshold requirement mandated by § 1997e(a) and Supreme Court precedent, Plaintiff cannot bring a § 1983 action, and Defendants are entitled to summary judgment.

Plaintiff's disagreement with Judge Purcell's analysis focuses on the failure of CCF officials to respond to his grievance. Plaintiff maintains that the lack of a response prevented him from completing the administrative review process and rendered an administrative remedy unavailable to him. *See* Obj. at 6-7. Plaintiff asserts that he was not required to utilize the "permissive partial appeal available under the ODOC policy" because it was not a mandatory part of the administrative review process. *See id*. at 8-9. Plaintiff argues that he could properly "decline the optional course of action" afforded by the policy, that this option expired after 60 days, and that no relief was available once "Plaintiff opted to not pursue that avenue" and 60 days elapsed. *Id*. at 11 (emphasis in original).

Upon *de novo* consideration of the issues presented by Plaintiff's Objection to the R&R, the Court finds that Defendants are entitled to summary judgment based on their non-exhaustion defense.[3] Plaintiff mistakenly focuses on whether the alternative remedy provided by the ODOC policy when a grievance goes unanswered, is permissive or mandatory. The requirement of administrative exhaustion is imposed by federal law, and regardless of whether ODOC's policy mandated that Plaintiff employ an alternative review

---

[3] Although Plaintiff purports to incorporate his summary judgment response in his Objection (*see* Obj. at 6 n.2), he must make a specific objection to Judge Purcell's findings and conclusions regarding the issues raised in that response or waive further review. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996), *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

procedure, the question is whether there was an available remedy. Plaintiff does not present any facts from which to conclude that he was somehow prevented from utilizing the alternative procedure; he instead asserts that he could opt not to pursue a remedy that was outside the mandatory review process. Plaintiff provides no legal authority for this contention, and it is inconsistent with Tenth Circuit caselaw. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (prisoner who failed to cure deficiency or use alternative procedure "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default"); *Hemphill v. Jones*, 343 F. App'x 329, (10th Cir. 2009) (unpublished) (prisoner failed to exhaust administrative remedies by failing to use ODOC's procedure for addressing an unanswered grievance); *Smith v. Beck*, 165 F. App'x 681, 685 (10th Cir. 2006) ("prison officials' alleged failure to respond [to a grievance] does not excuse [prisoner's] failure to exhaust his administrative remedies").[4]

For these reasons, the Court finds that Plaintiff has not demonstrated a genuine dispute of fact regarding his failure to exhaust ODOC's administrative remedies. *See Tuckel v. Grover,* 660 F.3d 1249, 1254 (10th Cir. 2011) (once defendant shows prisoner failed to exhaust, "the onus falls on the plaintiff to show that remedies were unavailable to him"). The Court further finds that the undisputed facts show Plaintiff has not satisfied the exhaustion requirement of § 1997e(a). Therefore, Defendants are entitled to summary judgment on Plaintiff's § 1983 claims.

---

[4] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 47] is ADOPTED. Defendants' Motion for Summary Judgment [Doc. No. 37] is GRANTED as set forth herein based on Plaintiff's failure to exhaust administrative remedies. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 28th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge